UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SYLVANUS BORDERS | CIVIL ACTION |
| VERSUS | NO: 09-3020 |
| CHASE HOME FINANCE L.L.C. ET AL | SECTION: J(1) |

## ORDER AND REASONS

Before the Court is Defendant Chase Home Finance, LLC's ("Chase") **Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 7)**, seeking dismissal with prejudice of Plaintiff's claims for breach of a purported settlement agreement.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiff purchased a home in New Orleans and financed the purchase through Chase. In April of 1998, Defendant First American Real Estate Solutions of Texas, LP ("First American")[1] performed a flood zone determination of the property and concluded that the property was not located within a flood zone. As such, Chase did not require Plaintiff to procure flood insurance on the property. However, after the home flooded as a

---

[1] First American Real Estate Solutions of Texas, LP was terminated as a party on March 6, 2009 with the addition of its successor in interest, First American Flood Hazard Certification, LLC.

result of Hurricane Katrina, it was determined that the home actually had been in a flood zone. Due to the resulting lack of flood insurance coverage caused by First American's error, First American, Plaintiff, and Chase executed a settlement agreement on June 8, 2007, in which Plaintiff was to receive $106,348.60 ("the Settlement"). Plaintiff has yet to receive any payment under the settlement agreement.

As such, Plaintiff filed the present action for breach of the settlement agreement in the Civil District Court for the Parish of Orleans ("CDC"), and the case was subsequently removed to this Court under diversity jurisdiction.[2]

### THE PARTIES' ARGUMENTS

Chase seeks dismissal of Plaintiff's claims for failure to identify any specific contractual provision that Chase has

---

[2] The Court notes that in 2007, and subsequent to execution of the Settlement, Plaintiff apparently filed a prior suit in CDC against Chase and First American for the same claims and causes of action released by the Settlement agreement. On January 23, 2009, the state court granted Chase's motion for summary judgment in that case and dismissed Plaintiff's claims against Chase with prejudice. Additionally, on January 30, 2009, the state court granted First American's exceptions of no cause of action and prescription, dismissing Plaintiff's claims against First American with prejudice. Accordingly, Chase has reserved its right in this action - notwithstanding its present motion under Rule 12(b)(6) - to assert the defense of *res judicata* along with any other appropriate defenses as to the merits of this case.

breached in connection with the Settlement. Furthermore, Chase argues that the Settlement did not obligate Chase to make *any payment* to Plaintiff. Rather, Chase argues that the Settlement by its own terms requires only First American alone to render payment.[3] Chase further contends that under the terms of the Settlement, it was intended to be a *beneficiary* of the release

---

[3] Chase cites the following language from the Settlement agreement:

> 3. AGREEMENT: Releasor hereby agrees to the following to fully settle and resolve this dispute:
>
> a. **In consideration for the sum of $106,348.60 (one hundred six thousand three hundred forty-eight and 60/100 dollars) paid by First American**, Releasor hereby agrees to forever release, discharge, hold harmless, and indemnify Releasees…of and from any and all actions, causes of action, demands, including but not limited to rights, damages, costs, loss of service; diminution in value, expenses, compensation, third-party claims, subrogation claims, insurance claims, whether known of unknown suspected or unsuspected, fixed or contingent, that Releasor or any person or entity now has or may hereafter have arising our of this Dispute. Releasor acknowledges and agrees that any monies paid pursuant to this Release may be subject to such right of indemnification.
>
> b. The amount paid under section 3a shall be according to the following: **First American will remit a check made payable to both Lender and Releasor in the amount of $106,348.60.13**

Rec. Doc. 7-1, p. 6; Rec. Doc. 7-2, Exhibit A, p.1 (emphasis supplied by Chase).

3

provision, not a direct obligor for the settlement amount. Chase notes in its supporting memorandum that although its motion is brought pursuant to Rule 12(b)(6) - which usually requires that a court consider *only the pleadings* in its determining the viability of a plaintiff's claims - a court may consider documents attached to a motion to dismiss when they are referred to in the complaint and are central to the plaintiff's claims. <u>Collins v. Morgan Stanley Dean Witter</u>, 224 F.3d 496, 498-99 (5th Cir. 2000); <u>Scanlan v. Tex. A&M Univ</u>, 343 F.3d 533, 536 (5th Cir. 2003). As such, Chase argues that the copy of the Settlement agreement attached to its motion to dismiss is properly before the court.

In opposition, Plaintiff argues that Chase's reference to an *unauthenticated* copy of the Settlement agreement that is *outside of the pleadings* is inappropriate on this Court's Rule 12(b)(6) review of his complaint. Plaintiff notes that the Fifth Circuit's decision in <u>Collins</u> should be limited to its specific facts, since the court has since clarified that is decision in <u>Collins</u> was based in large part on "[t]he fact that the plaintiffs did not object to, or appeal, the district court's consideration of [the attached] documents." <u>Scanlan v. Tex. A&M</u>

4

Univ., 343 F.3d 533, 536 (5th Cir. 2003). In contrast, Plaintiff in this case does object to the consideration of the Settlement agreement in relation to Chase's motion to dismiss, and thus argues that Collins is inapposite.

In the event the Court will consider the attached version of the Settlement agreement, Plaintiff argues that this should convert the present motion from a Rule 12(b)(6) motion on the pleadings to a Rule 56 motion for summary judgment, which in turn requires that "[a]ll parties . . . be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. Rule Civ. Proc. 12(d). Assuming a conversion of the motion under Rule 12(d), Plaintiff requests a continuance under Rule 56(f) to allow for discovery – which has not yet commenced – on the issues raised in Chase's motion.

Finally, Plaintiff contends that he has asserted a claim for breach of contract against Chase. Plaintiff notes that Chase relies on *insurance policy cases* for its argument that a plaintiff must point to the breach of a specific policy provision in order to state a claim. In contrast, the present case involves a settlement and release agreement, not an insurance policy. In any event, Plaintiff cites numerous paragraphs of his

complaint that include allegations of Chase's involvement in and breach of the Settlement. In the alternative, if the Court finds that Plaintiff has not stated a cause of action against Chase, he requests leave to amend his complaint.

In reply, Chase notes that, despite attacking the authenticity of the attached version of the Settlement agreement as well as the propriety of the Court's review of the Settlement in the context of a motion on the pleadings, *Plaintiff does not actually challenge the authenticity of the attached version of the Settlement*. Furthermore, Plaintiff does not dispute that the Settlement agreement attached to Chase's motion *does not require Chase to make any payment* in connection with the Settlement. In sum, Chase argues that Plaintiff's opposition arguments do not dispute the substantive validity of Chase's argument, but instead questions the procedural mechanisms of the present motion. In any event, Chase argues that Plaintiff's concerns regarding the authenticity and extra-pleadings nature of the attached Settlement agreement are irrelevant as a matter of law.

First, Chase argues that it is well-established that where a party objects to an attachment to a motion to dismiss as unauthenticated, but raises no challenge to the actual

authenticity of the document, the objection is without effect. See, e.g., <u>Wilson v. Kimberly-Clark Corp</u>, 254 Fed. Appx. 280, 285-86 (5th Cir. 2007); <u>Berry v. Indianapolis Life Ins. Co.</u>, 600 F. Supp. 2d 805, 811-12 (N.D. Tex. 2009). As such, Chase argues that "the plaintiff does not question whether an attached document is authentic, and does not contend that the document is not the same one referenced in his complaint, a bald challenge that the attached document is not authenticated should be rightly ignored by the court." Rec. Doc. 14, p. 4. In the end, Chase contends that Plaintiff should not be able to avoid the plain terms of the Settlement agreement, which is in fact the entire basis of his present suit, based on a hyper-technical argument that the document is not properly before the court and despite the fact that he has never substantively questioned the validity of the document.

Additionally, Chase argues that consideration of the Settlement agreement need not convert the present motion into a Rule 56 motion for summary judgment. Chase reiterates under the Fifth Circuit's decisions in <u>Collins</u> and <u>Scanlan</u> that a court may consider documents outside the pleadings that are attached to a motion to dismiss when the documents are "referred to in the

7

plaintiff's complaint and are central to [his] claim." Collins, 224 F.3d at 498-99. In fact, such documents are "considered part of the pleadings" themselves. Id. Chase also argues that Plaintiff's attempt to narrow the Fifth Circuit's rule under the holding of Scanlan is inappropriate. First, Chase notes that Scanlan involved the district court's consideration of documents that *were not attached to the defendant's motion to dismiss*, and which the Fifth Circuit held *were not central* to the plaintiff's claims. As such, given the clearly different circumstances of Scanlan, as well as the wealth of other Fifth Circuit precedent approving district courts' consideration of documents attached to motions to dismiss, Chase argues that the limitations in Scanlan are inapplicable in this case. See In Re Katrina Canal Breaches, 495 F.3d 191, 205 (5th Cir. 2007) ("[B]ecause the defendants attached the contracts to their motions to dismiss, the contracts were referred to in the complaints, and the contracts are central to the plaintiffs' claims, we may consider the terms of the contracts in assessing the motions to dismiss."); Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir.2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the

<blockquote></blockquote>

plaintiff's complaint and are central to her claim. . . ."). Finally, Chase cites this Court's decision in <u>Harrison v. Safeco Ins. Co. of Amer.</u>, which also concluded that documents attached to a defendant's motion to dismiss can be considered on a Rule 12(b)(6) motion when they are central to the plaintiff's claims. 2007 WL 1244268, *4 (E.D. La. Jan. 26, 2007). In this case, Chase argues that it is *clear* that the Settlement agreement documents are *central* to Plaintiff's claims alleging breach of the Settlement agreement, and thus the Court can consider the attached documents in its Rule 12(b)(6) analysis.

Regardless, Chase argues that Plaintiff's opposition does not in any way respond to the plain language of the attached Settlement agreement, which indicates that Chase is not obligated to make any payment to Plaintiff in connection with the settlement.

Finally, Chase argues that Plaintiff's attempt to distinguish the insurance policy cases is unavailing, since insurance policies are themselves contracts, and since this Court has applied the principles of those cases in non-insurance contract cases. See <u>Morris v. Countrywide Home Loans</u>, 2008 WL 638615 (E.D. La. 2008). Additionally, Chase argues that

Plaintiff's request for leave to amend should be denied based on his failure to provide the proposed amendment, failure to explain how any proposed amendment could cure his pleading defects, and Chase's lack of any opportunity for to respond to the amendment.

## **DISCUSSION**

As set forth by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007), the standard to be applied when deciding a Rule 12(b)(6) motion is not whether it is conceivable that some set of facts could be developed to support the allegations in the complaint, but rather whether the plaintiffs have stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the plaintiffs are entitled to relief. The Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff. <u>Tanglewood East Homeowners v. Charles-Thomas, Inc.</u>, 849 F.2d 1568, 1572 (5th Cir. 1988).

Ordinarily, when a court is presented with extrinsic evidence (or matters/facts outside of the pleadings) to review in making a determination on a motion to dismiss, a court will convert the motion to dismiss into a motion for summary judgment, pursuant to rules 12 and 56 of the Federal Rules of Civil

Procedure.  However, such is not necessary when the court finds that the attached exhibits to a defendants' motion to dismiss are in fact part of the pleadings because the documents are central to plaintiffs' claims. See Collins, 224 F.3d at 499.  Despite Plaintiff's attempts to distinguish this case from the rule set forth in Collins, the overwhelming weight of authority in the Fifth Circuit holds that "[d]ocuments that a defendant attaches to a motion to dismiss are considered  part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim."  Id. at 498-99; In Re Katrina Canal Breaches, 495 F.3d 191, 205 (5th Cir. 2007) ("[B]ecause the defendants attached the contracts to their motions to dismiss, the contracts were referred to in the complaints, and the contracts are central to the plaintiffs' claims, we may consider the terms of the contracts in assessing the motions to dismiss."); Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim. . . .").

    Likewise, Plaintiff's contentions regarding the alleged lack

of authentication of the Settlement agreement document attached to Chase's motion are also unavailing.  As noted by Chase, despite this legalistic argument, *Plaintiff has not challenged the substantive validity* of the Settlement agreement documents attached to Chase's motion.  As such, the Court agrees with the jurisprudence cited by Chase for the proposition that a technical challenge to the authenticity of a document will not require its exclusion in the absence of a challenge to its *substantive validity*.  For example, the Fifth Circuit in <u>Wilson v. Kimberly-Clark Corp.</u> found that the district court properly considered a document attached to the defendant's motion to dismiss, notwithstanding plaintiffs' contention that it was not authenticated.  254 Fed. Appx. at 285-86.  Likewise, the Northern District of Texas in <u>Berry v. Indianapolis Life Insurance Co.</u> held as follows regarding a policy document attached to the defendant insurer's motion to dismiss claims arising out of certain life insurance policies:

> The second exhibit submitted by Indianapolis Life is a policy listing Plaintiff Hodan Rabile as the insured along with associated redacted application documents. **The policy issued by Indianapolis Life is clearly referenced repeatedly in the Complaint.**  All of the Indianapolis Life Plaintiffs', including Rabile's, claims originate from the marketing and sale of the Indianapolis Life policies to them.  Further, the

12

> Indianapolis Life Plaintiffs have prayed for the remedy of rescission-a remedy that by its nature implicates the policy contract. **The copy of the Rabile policy submitted by Indianapolis Life in its Appendix appears to be the policy referred in the Complaint and Plaintiffs, while pointing out that the document is unauthenticated, have not argued that it is not in fact authentic**. **Plaintiffs have not argued that the policy contract submitted is incomplete, and the Court has not independently found it to be incomplete.** The Court finds that it can consider the policy at Exhibit 2 of the Indianapolis Life Appendix without converting the 12(b)(6) motion into a motion for summary judgment.

600 F. Supp. 2d at 811. See also <u>Brennan v. Aetna Life Ins. Annuity Co.</u>, 2001 WL 167954, *5 (N.D. Tex. Jan. 19, 2001); <u>Patel v. Pacific Life Ins. Co.</u>, 2009 WL 1456526, *5-6 (N.D. Tex. May 22, 2009). As such, because the Settlement agreement documents attached to Chase's motion are referenced in Plaintiff's complaint, central to - and in fact entirely dispositive of - plaintiff's claims, and because Plaintiff has not questioned the substantive validity of the documents, the Court finds that the documents are properly submitted in the context of the present motion.

Based on the above conclusions, the Court finds that Chase's motion should be granted, and that Plaintiff's request for leave to amend should be denied. The plain language of the Settlement agreement that forms the entire basis of Plaintiff's claims

13

clearly reveals that Chase had no duty or obligation to pay any settlement amounts to Plaintiff.  As such, Plaintiff's claims against Chase fail as a matter of law on the present 12(b)(6) analysis.  Additionally, in light of the plain language of the Settlement, any attempt to amend to assert claims against Chase would be futile.  Accordingly,

**IT IS ORDERED** that Chase's **Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 7)** is hereby **GRANTED**, and that Plaintiff's claims against Chase are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 26th day of June, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE