## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SYLVANUS BORDERS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-3020-CJB-SS** |
| **CHASE HOME FINANCE L.L.C.** | |

## ORDER

CHASE'S MOTION TO QUASH (Rec. doc 22)

**GRANTED**

On January 29, 2009, the plaintiff, Sylvanus Borders ("Borders"), filed a petition in state court and alleging that: (1) he owned a home in New Orleans which sustained flood damage in Hurricane Katrina; (2) the defendant, First American Real Estate Solutions of Texas, LP ("First American), erroneously determined that the property was not in a flood zone; (3) Chase Home Finance, LLC ("Chase") did not require him to have flood insurance; (4) he sustained at least $106,000 in flood damage; (5) he signed a release agreement with First American and Chase for $106,348.60; (6) he attempted to withdraw from the agreement on the ground that he acted without advice of counsel; (7) First American reported that the settlement was valid; and (8) he made demand for the settlement funds but First American and Chase refused to pay. He contends that First American and Chase breached the settlement agreement by failing to tender the $106,348.60. His petition was removed to federal court. Rec. doc. 1. On June 29, 2009, Chase was dismissed as a defendant. Rec. doc. 15. The discovery deadline is March 24, 2010, the pretrial conference is set for March 10, 2010, and the trial is set for March 29, 2010. Rec. doc. 16.

On January 21, 2010, Borders noticed Chase's records deposition for February 5, 2010. The

notice was addressed to counsel for First American. Rec. doc. 22 (Exhibit A). On January 21, 2010, Borders issued a subpoena duces tecum to the custodian of records for Chase through its agent for service of process, C T Corporation. The subpoena was served on the agent by certified mail. Id.

Chase objects that: (1) the subpoena was not properly served on it; (2) it is too broad and seeks information which is not relevant to the parties' claims and defenses; and (3) it did not provide Chase with a reasonable time to respond. Rec. doc. 22. Borders acknowledges that the subpoena was not properly served, but reports that he will re-serve Chase. He also contends that the information sought is relevant and the subpoena does not impose an undue burden on Chase to respond.

The only subpoena before the Court was not properly served. The motion to quash must be granted. There is no need to address the notice of records deposition because the subpoena is quashed.

Assuming that the subpoena was properly served, the June 3, 2007 release agreement between First American and Borders is relevant. Even though Borders can obtain the agreement from First American, he may also obtain a copy from Chase.

Borders has not demonstrated that the following are relevant to his claim that First American breached its settlement contract by not paying the $106,000 to him: (a) documents reflecting communications between Chase and Borders; (b) Chase's entire file on Borders; (c) documents reflecting communications between Chase and any other person regarding Borders and his property; and (d) any indemnity agreement between First American and Chase.

Borders also requests that Chase identify the persons who were involved in the negotiations with him and approved the release agreement. Chase is not required to produce such information in response to a subpoena duces tecum.

IT IS ORDERED that Chase's motion to quash (Rec. doc. 22) is GRANTED.

New Orleans, Louisiana, this 10th day of February, 2010.

                                              **SALLY SHUSHAN**
                                       **United States Magistrate Judge**