# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SYLVANUS BORDERS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-3020-CJB-SS** |
| **CHASE HOME FINANCE L.L.C.** | |

## ORDER

CHASE'S SECOND MOTION TO QUASH (Rec. doc 40)

**GRANTED IN PART AND DENIED IN PART**

PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S DEPOSITION (Rec. doc. 43)

**GRANTED IN PART AND DENIED IN PART**

There are two discovery motions before the court. The first is the second motion of the non-party, Chase Home Finance, LLC ("Chase"), to quash a subpoena and Fed. R. Civ. P. 30(b)(6) deposition notice. The second is the motion of the plaintiff, Sylvanus Borders ("Borders"), to compel the deposition of the defendant, First American Real Estate Solutions of Texas, LP ("First American).

## BACKGROUND

On January 29, 2009, Borders filed a petition in state court and alleged that: (1) he owned a home in New Orleans which sustained flood damage in Hurricane Katrina; (2) First American erroneously determined that the property was not in a flood zone; (3) Chase Home did not require him to have flood insurance; (4) he sustained at least $106,000 in flood damage; (5) he signed a release agreement with First American and Chase for $106,348.60; (6) he attempted to withdraw from the agreement on the ground that he acted without advice of counsel; (7) First American

reported that the settlement was valid; and (8) he made demand for the settlement funds but First American and Chase refused to pay. He contended that First American and Chase breached the settlement agreement by failing to tender the $106,348.60. His petition was removed to federal court. Rec. doc. 1. On June 29, 2009, Chase was dismissed as a defendant. Rec. doc. 15. The discovery deadline is March 24, 2010, the pretrial conference is set for March 10, 2010, and the trial is set for March 29, 2010. Rec. doc. 16.

## CHASE'S SECOND MOTION TO QUASH

On February 10, 2010, Chase's first motion to quash was granted because the subpoena was not properly served. Rec. doc. 32. The order also provided that:

> [T]he June 3, 2007 release agreement between First American and Borders is relevant. Even though Borders can obtain the agreement from First American, he may also obtain a copy from Chase.
>
> Borders has not demonstrated that the following are relevant to his claim that First American breached its settlement contract by not paying the $106,000 to him: (a) documents reflecting communications between Chase and Borders; (b) Chase's entire file on Borders; (c) documents reflecting communications between Chase and any other person regarding Borders and his property; and (d) any indemnity agreement between First American and Chase.
>
> Borders also requests that Chase identify the persons who were involved in the negotiations with him and approved the release agreement. Chase is not required to produce such information in response to a subpoena duces tecum.

Rec. doc. 32 at 2.

On February 11, 2010, Borders issued a second subpoena duces tecum which was served on Chase. It is substantially the same as the first. Most of the categories in the second subpoena contain language limiting the documents sought to the claims at issue in the state court litigation.

One category was not so limited. In connection with the first and second subpoenas, Borders

2

seeks any indemnity agreement between First American and Chase. The February 10, 2010 discovery order states that Borders has not demonstrated that the indemnity agreement is relevant. Borders did not appeal this order, nor did he seek reconsideration. In opposition to the second motion to quash, he contends that the document is relevant to the scope of the duties and relationship between First American and Chase concerning his claim. Chase is not a defendant in this action. A Chase/First American indemnity agreement is not relevant to Borders' claim that First American breached the settlement agreement or to the defense by First American that the settlement agreement was rescinded. Borders describes Chase as "a third party beneficiary of the contract." He does not identify the contract. He argues that: (a) the production of the agreement does not impose an undue burden; and (b) he will accept the document subject to a confidentiality agreement. If the agreement is not relevant to the parties' claims and defenses, a confidentiality agreement does not render it discoverable. Chase's second motion to quash is granted as to the indemnity agreement.

Borders urges that his communications with Chase regarding the claims at issue in the state court litigation are relevant to the alleged breach of the settlement agreement and the contention that it was rescinded. He makes the same argument regarding Chase's file and any communications between Chase and third parties. Chase argues that elsewhere Borders said this information is not relevant. Rec. doc. 56 at 3.

With the March 24, 2010 discovery deadline and the trial set for March 29, 2010, there is limited time remaining to resolve these issues. The parties shall proceed as follows:

1. By **Friday, March 12, 2010**, Chase shall produce to Borders the following:

    a. All documents relating to the June 3, 2007 settlement agreement which are dated between April 3, 2007 and August 3, 2007 and which are not protected

from disclosure by the attorney-client privilege or the work-product doctrine.

b. All documents relating to any claim by any party that the June 3, 2007 settlement agreement was rescinded for any reason and which are not protected from disclosure by the attorney-client privilege or the work-product doctrine.

2. The documents produced to Borders on March 12, 2010 shall be Bates numbered.

3. By **Friday, March 12, 2010**, Chase shall submit a privilege log for any documents which are withheld from production as attorney-client or work-product and which are dated prior to July 19, 2007 when Borders filed his first suit.

4. Chase is not required to produce any other documents, including the indemnity agreement.

5. By **Friday, March 19, 2010**, Chase shall produce a representative for a <u>telephone</u> deposition. Counsel for Chase, First American and Borders shall agree on a time for this deposition. If they cannot agree, counsel for Chase shall request a telephone conference.

6. If Borders or any other party intends to question the Chase witness about any documents other than those produced by Chase on March 12, 2010, the documents shall be delivered to counsel for Chase and other counsel at least 48 hours before the start of the deposition. These documents shall be pre-marked for identification.

7. The witness is only required to provide testimony on the documents produced by Chase. To the extent possible the witness shall attempt to provide testimony on any documents produced to Chase's counsel at least 48 hours before the deposition.

8. In all other respects, Border's second subpoena to Chase and the notice of its deposition are quashed.

9. **Borders is prohibited from issuing any further subpoenas to Chase for discovery**.

PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S DEPOSITION

First American reports that the depositions of the plaintiff and First American were canceled so that the parties could conserve costs and attempt to settle the case through mediation on March 10, 2010. To the extent Borders seeks a deposition of First American before Wednesday, March 10, 2010, the motion is denied. If the mediation is unsuccessful, the parties shall schedule the depositions of Borders and First American before the March 24, 2010 discovery deadline. Borders shall be deposed before First American's representative is deposed.

IT IS ORDERED that Chase's motion to quash the subpoena duces tecum issued by Borders and his motion to compel deposition of First American (Rec. doc. 40 and 43) are GRANTED in PART and DENIED in PART as provided herein.

New Orleans, Louisiana, this 5th day of March, 2010.

SALLY SHUSHAN
United States Magistrate Judge